# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CURRENT SOLUTIONS, INC.,   )
  )
     Plaintiff,   )
  )
    v.   )   C.A. No. N23C-11-042 PAW
  )
APPOQUINIMINK SCHOOL   )
DISTRICT,   )
  )
     Defendant.   )

Submitted: September 30, 2024
Decided: December 13, 2024

## MEMORANDUM OPINION

*Upon consideration of Defendant's Motion to Dismiss*;

## DENIED, in part and GRANTED, in part.

Scott Earle, Esq., of Goldberg Segalla LLP and Judith Jones, Esq., of Zarwin Baum DeVito Kaplan Schaer Toddy PC, *Attorneys for Plaintiff.*

William Gamgort, Esq. and Carmella Cinaglia, Esq., of Young Conaway Stargatt & Taylor LLP, *Attorneys for Defendant.*

**WINSTON, J.**

## I.     INTRODUCTION

Current Solutions, Inc., ("CSI") sues Appoquinimink School District, ("the District") for breaches of contract and the implied covenant of good faith and fair dealing. In response, the District moves to dismiss. CSI pleads facts supporting an inference of breach of contract, and it is reasonably conceivable that CSI is entitled to recover. The implied covenant claims, however, conflict with the express terms of the agreement. Accordingly, the District's Motion to Dismiss is **DENIED, in part and GRANTED, in part**.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

CSI is an electrical subcontractor that was the successful bidder for the electrical work to construct a new elementary school, Crystal Run Elementary School ("the Project"), for the District.[2] The Electrical Contract ("the Contract") was prepared using AIA Document A132-2019.[3] The Contract sum was $2,086,400.00.[4] The Contract provides that the Project's Construction Manager ("CM") will create, publish, and update or revise the formal Project Construction

---

[1] The following facts are drawn from the Complaint and documents incorporated by reference. *Windsor I, LLC v. CW Capital Asset Mgmt. LLC*, 238 A.3d 863, 873 (Del. 2020). Citations in the form of "Ex. __" refer to documents attached to the Complaint.

[2] Compl. ¶ 1.

[3] Compl. ¶ 13.

[4] Compl. ¶ 13.

Schedule throughout the Project's construction.[5]  The Contract also provides for an initial review and decision process overseen by the Project's architect for certain claims or disputes.[6]

By no fault of CSI, the Project was delayed from the beginning.[7]  To remedy these delays, the District compressed CSI's work schedule and engaged other electrical subcontractors to complete CSI's scope of work.[8]  This engagement led to CSI's constructive discharge.[9]  Additionally, throughout the Project, the District failed to issue contractually required schedules and instead, issued informal schedules on an ad hoc basis.[10]  Lastly, CSI contends that the District failed to pay CSI for work performed, wrongfully projected its failures onto CSI, and wrongfully back-charged CSI for costs attributable to the District.[11]  Despite the District's conduct, CSI performed its obligations under the Contract.[12]

On November 7, 2023, CSI filed its Complaint seeking damages for breach of contract ("Count I") and breach of covenant of good faith and fair dealing ("Count

---

[5] Compl. ¶ 15.

[6] Ex. B at Article 15 ("Claims and Disputes").

[7] Compl. ¶ 6.

[8] Compl. ¶ 8.

[9] Compl. ¶ 8.

[10] Compl. ¶ 9.

[11] Compl. ¶ 10.

[12] Compl. ¶ 10.

II"), relating to the District's alleged failure to pay CSI for completed electrical work, allow CSI additional time to complete its work, and increase CSI's fixed price contract for the hiring of additional workers.[13] In response, the District moves under Superior Court Civil Rule 12(b)(6) for failing to state a claim upon which relief can be granted.[14]

## III.   ANALYSIS

Upon a Rule 12(b)(6) motion, the Court accepts all well-pleaded factual allegations as true; (2) credits vague allegations if they give the opposing party notice of the claim; (3) draws all reasonable inferences in favor of the non-moving party; and (4) denies dismissal if recovery on the claim is reasonably conceivable.[15]

When both parties present their positions and reference materials neither incorporated into nor integral to the complaint, the Court can convert the motion to one for summary judgment.[16] However, this will not occur if "the additional documents are incorporated by reference into the complaint and are integral to the claims of the complaint" or "the documents are not being relied upon to prove the

---

[13] *See* Compl.

[14] Def. Mot. to Dismiss at Introduction.

[15] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holding, LLC*, 27 A.3d 531, 535 (Del. 2011).

[16] *Driggus v. State Farm Mut. Auto. Ins. Co.*, 2023 WL 7599490 at *1 (Del. Super. Nov. 15, 2023).

truth of its contents."[17]   If either of these situations exists, a conversion will not occur.

At present, both parties submitted additional documents not incorporated by reference.  Although the documents are "being relied upon to prove the truth of its contents" and were submitted by the parties to demonstrate the veracity of the allegations in the Complaint, at oral arguments, both parties acknowledged the Court should not consider the additional documents.[18]  Accordingly, the Court will address the Motion by considering only the Complaint and documents incorporated by reference.

## A.    COUNT I – BREACH OF CONTRACT

The allegations set forth in the Complaint are sufficient to state a breach of contract claim, and it is reasonably conceivable that CSI is entitled to recover.  For a breach of contract claim to survive a motion to dismiss, it is sufficient to "simply allege first, the existence of the contract; second, the breach of an obligation imposed by that contract; and third, the resultant damage to the plaintiff."[19]

---

[17] *Cambridge Strategic Mgmt. Grg. v. IDT Domestic Telecom, Inc.*, 2013 WL 2480887 at *3 (Del. Super. Apr. 8, 2013).

[18] The District clarified it would be comfortable with the Court not considering its submitted affidavit.  CSI agreed that it believed converting the Motion to one for summary judgment would be premature without time for additional discovery.

[19] *Nucor Coatings Corp. v. Precoat Metals Corp.*, 2023 WL 6368316 at *13 (Del. Super. Aug. 31, 2023) (quoting *Garfield v. Allen*, 277 A.3d 296, 328 (Del. Ch.

CSI first alleges that the District breached the Contract by terminating CSI without the requisite justification provided for under Section 14.2.1 of the Contract Documents.[20] CSI also alleges that the Construction Manager breached his duties under the Contract when the CM "failed to issue or otherwise revise the Project Construction Schedule per the requirements set forth" in Section 013216(2)(A)&(B) or the Contract.[21] The Complaint further alleges that the District breached the Contract by failing to adjust the Contract time and sum to accommodate for the truncated work schedule issued by the CM on an arbitrary and ad hoc-rolling basis, a failure which breached, among other provisions, Article 7 regarding *Changes in the Work* and Article 8.3 regarding *Delays and Extensions of Time of the General Conditions*.[22] Finally, CSI claims that the District breached Article 5 of the Contract by failing to pay CSI for the work performed in accordance with payment applications 7 and 8, and by routinely failing to pay CSI for its work by the 15th of the following month.[23]

---

2022)); *see also Humanigen, Inc. v. Savant Neglected Diseases, Inc.,* 238 A.3d 194, 202 (Del. Super. Aug. 17, 2020) (quoting *Garfield*, 277 A.3d at 328).

[20] Compl. ¶ 42.

[21] Compl. ¶ 43.

[22] Compl. ¶ 44.

[23] Compl. ¶ 45.

The District contends that CSI's breach of contract claim must be dismissed due to failure to satisfy preconditions to litigation required under the Contract. In its Motion, the District states that "where a contract is clear and unambiguous in requiring that a condition precedent to litigation be satisfied before a lawsuit is initiated, failure to meet such condition constitutes a material breach of the contract and a forfeiture of rights."[24] Under the Contract, an initial decision from the architect "shall be required as a condition precedent to mediation" of a claim, and a mediation is a condition precedent to filing suit regarding such a claim.[25] Thus, the District argues that CSI's failure to demonstrate that specific conditions precedent were satisfied forfeited its rights to bring a claim for breach of contract.

Under Delaware law, to recover damages for a breach of contract, the plaintiff must demonstrate substantial compliance with all of the provisions of the contract.[26] "[A] party may only be excused from performance of a contract when the other party

---

[24] Def.'s Mot. to Dismiss at 4 (citing *Millsboro Fire Co. v. Constr. Mgmt. Serv., Inc.*, 2009 WL 846614 at *4 (Del. Super. Mar. 31, 2009)).

[25] Ex. B at Article 15.2.1 ("General Conditions").

[26] *Commonwealth Const. Co. v. Cornerstone Fellowship Baptist Church, Inc.*, 2006 WL 2567916 at *19 (Del. Super. Aug. 31, 2006) (citing *Eastern Elec. & Heating Inc. v. Pike Creek Prof'l Ctr.,* 1987 WL 9610 at *4 (Del. Super. April 7, 1987)) (citing *Emmett Hickman Co. v. Emilio Capano Developer, Inc.,* 251 A.2d 571 (Del. Super. 1969)).

has materially breached the contract."[27]  Likewise, a party in material breach of the contract cannot then complain if the other party fails to perform.[28]  Performance under a contract is justifiably excused when the other party to the contract commits a material breach.[29]  Whether a breach is material is a fact-sensitive analysis.[30]

CSI alleges it met all its performance obligations under the Contract and was constructively discharged.  At oral argument, CSI argued that its discharge was a material breach of the Contract which excused its performance of the condition precedent.  CSI's allegations, coupled with the District's alleged breaches of contract, create a reasonable inference that CSI is excused from the preconditions of mediation and additional claim submission under the Contract.  Accordingly, any factual disputes, including the applicability of the preconditions to litigation within the Contract, will not be resolved in the current procedural posture.[31]

---

[27] *Daystar Const. Mgmt., Inc. v. Mitchell*, 2006 WL 2053649 at *7 (Del. Super. July 12, 2006).

[28] *Commonwealth Const. Co. v. Cornerstone Fellowship Baptist Church, Inc.*, 2006 WL 2567916 at *19 (Del. Super. Aug. 31, 2006) (citing *Hudson v. D & v. Mason Contractors, Inc.,* 252 A.2d 166 (Del.Super. 1969)).

[29] *Id*. (citing *Eastern Elec. & Heating Co. v. Pike Creek Prof'l Ctr.*, 1987 WL 9610 at *4 (Del. Super. April 7, 1987)).

[30] *Id*. (citing *SLMSoft.com, Inc. v. Cross Country Bank,* 2003 WL 1769770 at *13 (Del. Super. April 2, 2003)).

[31] *See Bryant v. Way*, 2011 WL 2163606 at *3 (Del. Super. May 25, 2011) ("Factual issues cannot be resolved at the motion to dismiss stage…").

8

Next, the District contends that there was no breach of the Contract because it had "the right to assign work to other contractors where Plaintiff failed to carry out the work in accordance with the terms of the Contract,"[32] and it exercised this right following CSI's failure to complete its obligations.[33] The Court cannot determine on the pleadings whether the District materially breached the Contract terms.[34] For now, the claims cannot be dismissed on the pleadings because, until the material breach issue is decided, the allegations that the reassignment of all Contract duties acted as a termination must be accepted as true.

The Complaint alleges that the District had no cause under Section 14.2.1 to terminate CSI.[35] And, even if cause existed, the District failed to abide by the notice provision in Section 14.2.2.[36] Drawing all reasonable inferences in favor of the non-moving party, the Court finds that it is reasonably conceivable that CSI is entitled to recover on its breach of contract claim.

The Court finds that CSI has sufficiently pled the basic elements of a breach of contract claim. CSI has alleged the existence of a contract, an alleged breach of

---

[32] *See* Ex. B, General Conditions §§ 2.5 (Owner's Right to Carry Out Work); 12.2 (Correction of Work).

[33] Def. Mot. to Dismiss ¶ 15.

[34] *See SphereCommerce, LLC v. Caulfield*, 2022 WL 325952 at *9 (Del. Ch. Feb. 2, 2022).

[35] Compl. ¶ 42.

[36] Compl. ¶24.

the terms of the Contract, and resulting damage. Further, CSI generally pled it had met all its performance obligations under the Contract.[37] Thus, the facts and allegations set forth in the Complaint are sufficient to state a breach of contract claim, and it is reasonably conceivable that CSI is entitled to recover.

## B.    COUNT II – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

The allegations set forth in the Complaint do not sufficiently state a claim for breach of the implied covenant of good faith and fair dealing. In *Merill v. Crothall-American, Inc.*,[38] the Delaware Supreme Court held that every employment contract includes an implied covenant of good faith and fair dealing. Under the implied covenant, an employer may be liable on a contract claim if they act in bad faith in the hiring or firing of an employee.[39] To properly plead a claim for breach of the implied covenant, Plaintiff must allege some injury to its contractual interest because of the breach of the implied obligation.[40] In summary, Plaintiff must allege: (1) a

---

[37] Plaintiff generally averred that it complied with all obligations under the Contract when stating that the District had no basis under Section 14.2.1 to terminate CSI from the Project. Compl. ¶ 27. *See Eisenmann Corp. v. General Motors Corp.,* 2000 WL 140781, at *18 (Del. Super. Jan. 28, 2000), *cert. denied* (denying defendant's motion to dismiss based on plaintiff's failure to plead specific conditions precedent were satisfied when plaintiff "certainly alleges complete performance generally.").

[38] 606 A.2d 96, 101 (Del.1992).

[39] *Id*.

[40] *Kuroda v. SPJS Holdings, LLC*, 971 A.2d 872, 888-89 (Del. Ch. 2009).

10

specific implied contractual obligation; (2) a breach of that obligation; and (3) resulting damage.[41]

The implied covenant of good faith and fair dealing, however, infers contractual terms to handle developments or contractual gaps that *neither party anticipated*.[42] Thus, the implied covenant does not apply when the express terms of the contract govern the subject of the conduct at issue.[43]

Here, CSI alleges that the District breached the implied covenant through (1) systematically assigning work covered by the Contract to other electrical trade contractors; (2) establishing commercially unreasonable and arbitrary deadlines for the completion of Plaintiff's work; and (3) excessively back charging Plaintiff for supplemental work performed by other contractors to offset the amount owed under the Contract.[44]

CSI's claims for breach of the implied covenant address the same allegations raised in its claim for breach of contract.[45] Accordingly, each of these alleged breaches are covered by express contractual provisions. The Contract addressed the

---

[41] *Id.*

[42] *Nationwide Emerging Managers, LLC v. Northpointe Holdings, LLC*, 112 A.3d 878, 896 (Del. Mar. 28, 2015) (emphasis added).

[43] *Id.*

[44] Compl. ¶¶ 48-51.

[45] *See* Compl. ¶¶ 42-45; *see also* Compl. ¶¶ 48-51. CSI also seeks damages in the same amount ("in excess of $470,705.00") for both claims. *See* Compl. ¶¶ 46, 51.

Project schedule and the rights of the parties to modify that schedule in Article 3.[46] The Contract authorized the District to engage other labor where CSI failed to meet its contractual obligations under Sections 2.5 (Owner's Right to Carry Out Work) and 12.2 (Correction of Work), and, in the event that the District intended to reassign the remainder of the Contract, the Contract provided a process for termination with cause under Section 14.2 (Termination by the Owner for Cause). Finally, the Contract granted the District the right to perform uncompleted work called for by the agreement and back charge CSI for said work if CSI failed to perform as required.[47]

Any factual disputes regarding whether CSI failed to perform under the Contract cannot be determined at this juncture.[48] At this early stage, the Court must accept both sides' well-pled allegations as true.[49] Accordingly, the Court finds that the conduct at issue is covered under express contractual provisions; however, the

---

[46] Ex. B § 3.10.1 ("The schedule shall be revised at appropriate intervals as required by the conditions of the Work and Project."); Ex. B § 3.10.3 ("The Contractor shall make revisions to the construction schedule and submittal schedule as deemed necessary by the Construction Manager to conform to the Project schedule.").

[47] Ex. B, General Conditions § 2.5 ("If the Contractor defaults or neglects to carry out the Work in accordance with the Contract Documents… the Owner may, without prejudice to other remedies the Owner may have, correct such a default or neglect. […] If current and future payments are not sufficient to cover such amounts, the Contractor shall pay the difference to the Owner.").

[48] *Bryant*, 2011 WL 2163606 at *3.

[49] *Cent. Mortg. Co.*, 27 A.3d at 535.

12

Court will not determine at this time whether the conduct at issue was a material breach under the Contract.

Thus, the facts here do not implicate the implied covenant of good faith and fair dealing. Simply mirroring the factual allegations that support a breach of contract claim is insufficient to state a claim for breach of the implied covenant of good faith and fair dealing.[50]

More, the Court finds that the implied covenant of good faith and fair dealing cannot be pled in the alternative if the Plaintiff's breach of contract claim does not survive under these circumstances.[51] Here, CSI does not plead an unanticipated development or contractual gap; it simply realleges its breach of contract claim as an implied covenant claim.[52] Accordingly, the Court finds that CSI's claim for breach of the implied covenant of good faith and fair dealing cannot be pled in the alternative to breach of contract and must be dismissed.

---

[50] *See 3M Company v. Neology, Inc.*, 2019 WL 2714832 at *10 (Del. Super. June 28, 2019).

[51] *3M Company*, 2019 WL 2714832 at *11 (holding that the implied covenant of good faith and fair dealing cannot be plead in the alternative where the alleged breach of the implied covenant mirrors the factual allegations used to support a breach of contract claim).

[52] *Id*.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, the District's Motion to Dismiss **DENIED, in part and GRANTED, in part.**

**IT IS SO ORDERED.**

/s/ *Patricia A. Winston*
**Patricia A. Winston, Judge**